Melissa O'Loughlin White
OSB No. 102294
E-mail:  mwhite@cozen.com
Ryan J.P. Dyer
*admitted pro hac vice*
E-mail:  rdyer@cozen.com
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, WA  98104
Telephone: 206.340.1000
Toll Free Phone: 800.423.1950
Facsimile: 206.621.8783
*Attorneys for Defendant Collecto, Inc.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| CARLOS A. VASQUEZ-ESTRADA,<br><br>              Plaintiff,<br><br>       v.<br><br>COLLECTO, INC., a foreign corporation,<br><br>              Defendant. | Case No. 3:14-cv-01422-ST<br><br>**DEFENDANT COLLECTO, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>***Oral Argument Requested: 10/7/2015*** |

Defendant Collecto, Inc. ("Collecto") respectfully submits this reply memorandum in support of its Motion for Summary Judgment.[1]

//

//

//

//

---

[1] Dkt. 35.

DEFENDANT COLLECTO, INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 1
CIVIL NO. 3:14-CV-01422-ST                                                                                          24397770\2

I.      **ARGUMENT**

A.      **Collecto had a "Permissible Purpose" in Accessing Plaintiff's Credit Score under FCRA Section 1681b(f).**

Plaintiff attempts to defeat summary judgment on the issue of whether Collecto obtained his credit score without a permissible purpose by arguing that (1) Collecto has not shown that it complied with § 1681b(f)'s certification requirement and (2) Collecto cannot possibly have had a permissible purpose since Plaintiff's debt was the result of identity theft. As explained below, Plaintiff is wrong on both counts.

First, Collecto does not have the burden to show that it complied with the certification requirements of § 1681b(f). The burden of proof at the summary judgment stage is on the same party who would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Plaintiff alleges that Collecto obtained his consumer report without a permissible purpose, in violation of 15 U.S.C. § 1681b(f).[2] Thus, the burden is on Plaintiff to identify evidence establishing a genuine issue of material fact as to whether Collecto failed to properly certify the request. *See Celotex Corp.*, 477 U.S. at 323 (holding that it is not necessary for the movant-defendant to introduce evidence negating the plaintiff's claim). Plaintiff ignores this burden and instead insists that Collecto must first come forward with evidence establishing that it properly certified its request for Plaintiff's credit score. Plaintiff's only excuse, buried in a footnote, is that Collecto failed to produce any certifications in response to his requests for production.[3] But Collecto stated in its responses to the relevant requests that it does not keep

---

[2] *See* Am. Compl. (Dkt. 23). Interestingly, Plaintiff only alleges that Collecto violated the "permissible purpose" provisions under § 1681b(f). *See* Am. Compl. ¶ 19. Plaintiff does not allege that Collecto violated the certification requirements under § 1681b(f). This in and of itself is enough to negate Plaintiff's arguments against summary judgment on this issue. Nevertheless, assuming Plaintiff properly plead a violation of the certification prong, he still has failed to come forward with any evidence establishing a material issue of fact.
[3] *See Pl.'s Opposition* at p. 3, n. 1 (Dkt. 41).

records of such certifications nor is it required to under the FCRA.[4]  Collecto did, in fact, produce the only document it possessed responsive to Plaintiff's request, although the document contained only cursory information about the August 21, 2012 credit score request.[5]  In any event, Plaintiff fails to explain or cite any legal authority as to how his burden is somehow obviated by Collecto's discovery responses.  Indeed, it is not.  Because Plaintiff cannot point to any evidence that Collecto failed to comply with the certification requirements under the FCRA, he cannot avoid summary judgment dismissal of his § 1681b(f) claims on this basis.

Next, Plaintiff claims that Collecto did not have a permissible purpose in obtaining his credit score because he was never involved in the underlying credit transaction.  Put another way, Plaintiff argues that because the AT&T debt was the result of identity theft, it was not a "credit transaction involving" him and, thus, there could never be a "permissible purpose" under the FCRA.  As support, Plaintiff relies on the Ninth Circuit's decisions in *Andrews* and *Pintos*.  Both cases are distinguishable.  In *Andrews*, the court was dealing with a "furnisher's" separate and distinct duty to confirm a proper purpose under 15 U.S.C. § 1681b(a)(3).  *See Andres v. TRW, Inc.*, 225 F.3d 1063, 1067 (9th Cir. 2000).  In *Pintos*, the court relied on the unique fact pattern in which the underlying debt arose from the consumer's vehicle being involuntary towed/impounded in ultimately holding that the consumer was not "involved" in the credit transaction.  *See Pintos v. Pacific Creditors Ass'n*, 565 F.3d 1106, 1113 (9th Cir. 2009).  Neither holding is factually applicable here.  But more to the point, the implications of Plaintiff's theory are disconcerting: anytime a collection company pulls a credit score on a debt that is discovered,

---

[4] *See* 3d Declaration of Melissa O'Loughlin White ("3d White Decl."), Ex. A.
[5] *See* 3d White Decl., Ex. B.  Plaintiff did not raise this issue in a meet-and-confer or motion to compel and made no effort whatsoever to questions Collecto's 30(b)(6) witness, Ms. Catherine Belmore, on this issue.  Having made a strategic decision not to obtain additional discovery on this issue, Plaintiff cannot now be permitted to use his own action as a sword against Collecto.

years later, to be the result of identity theft, it has necessarily violated the FCRA § 1681b(f). Plaintiff's construction is incorrect, unworkable, and would lead to absurd results.

The real touchstone in determining a permissible purpose is the intent of the entity obtaining the information. And rather than belabor this point any further, Collecto would simply and respectfully refer the Court to one of the numerous cases that has already dealt with the scenario at issue here. Specifically, the district court's order in *Crehin* dealt with an indistinguishable situation in which the plaintiff claimed that the underlying debt did not belong to him:

> Although the complaint avers that no such debt existed, if Defendant "was attempting to collect" a debt, as the complaint states, **Defendant's actions would be permitted even if Plaintiff did not in fact have such a debt.** Both the FCRA and the CCRAA focus on whether the entity pulling the credit report "intends" to use the information in connection with collecting a debt. *See* 15 U.S.C. § 1681(a)(3)(A); Cal. Civ.Code § 1785.11(a)(3)(A). **A good faith belief that a debt exists is thus sufficient to satisfy these provisions.** *See Trikas v. Universal Card Services Corp.*, 351 F. Supp. 2d 37, 42 (E.D.N.Y. 2005) ("[T]he plain language of [15 U.S.C. § 1681(a)(3)(A) ] . . . focuses on the intent of the party obtaining the consumer report." (emphasis in original)); *Korotki v. Attorney Services Corp.*, 931 F. Supp. 1269, 1276 (D. Md. 1996) ("[S]o long as a user has reason to believe that a permissible purpose exists, that user may obtain a consumer report without violating the FCRA."); *Myers v. Stoneleigh Recovery Assocs.*, 2012 WL 1356752 at *5–6 (E.D. Cal. Apr. 18, 2012) (dismissing plaintiff's FCRA claim even though the complaint stated that plaintiff did not owe the debt at issue because the complaint also stated that defendant was attempting to collect a debt from plaintiff).

*Crehin v. ARS Nat. Servs.*, No. 8:13-cv-01497-SVW-JPRx, 2014 U.S. Dist. LEXIS 5487, at *5–6 (C.D. Cal. Jan. 9, 2014) (emphasis added).[6]

Here, there is no evidence that Collecto's intent in requesting Plaintiff's credit report was for a purpose other than attempting to collect on the AT&T Mobility debt. Instead, the evidence

---

[6] *Cf. Thomas v. U.S. Bank, N.A.*, No. cv 05-1725-MO, 2007 U.S. Dist. LEXIS 17516, at *24 (D. Ore. Mar. 8, 2007) (holding that "where a furnisher tries to collect a debt it **knows** is not collectible, it does not act with the 'inten[t] to use the information in connection with . . . collection'" (emphasis added, citation omitted)). It should also be noted that the plaintiff's FCRA § 16819(f) claim in *Crehin* was dismissed under the more stringent Rule 12(b)(6) standard.

establishes the opposite.  Collecto's 30(b)(6) witness, Ms. Catherine Belmore, testified that Collecto routinely obtains consumer's credit scores to assess the collectability of each debt.[7]  Ms. Belmore confirmed that this was precisely the case when Collecto obtained Plaintiff's consumer report on August 21, 2012.[8]  The undisputed evidence establishes that Collecto had a good faith believe that it was attempting to collect a valid debt when it obtained Plaintiff's credit score.  This is a permissible purpose under the FCRA.  Accordingly, there is no question of material fact and Plaintiff's FCRA § 1681b(f) claim must be dismissed.[9]

**B.      Plaintiff's Section 1681s-2(b) FCRA Claims are Time-Barred.**

Plaintiff is incorrect in stating that the "dicta" is *Drew* does not apply to this case.  In reality, the holding in *Drew*, and subsequent cases citing it, is dispositive: once a consumer provides a furnisher with information disputing a debt directly and subsequently learns that the debt remains, the consumer is deemed to have sufficient knowledge to realize that the error is attributable to an unreasonable investigation.  *See Drew*, 690 F.3d at 1111.  Whether or not a plaintiff is aware of the actual ACDV verification process is irrelevant.  Instead, the two-year statute of limitations is triggered based on a plaintiff's direct dispute with a furnisher coupled with the subsequent discovery that the faulty debt remains.  *See, e.g.*, *Grigoryan v. Experian Info. Solutions, Inc.*, No. cv 13-07450 MMM (PLAx), 84 F. Supp. 3d 1044 (C.D. Cal. 2014); *Rogers v. Equifax Info. Servs. LLC*, No. cv 14-1708-JFW (AGRx), 2015 U.S. Dist. LEXIS 16654 (C.D. Cal. Jan. 13, 2015).

---

[7] *See* White Decl., Ex. A, at pp. 20-21, 38-40 (Dkt. 36).
[8] *See* White Decl., at pp. 95-96.
[9] Plaintiff also claims that *Hasbun* is inapplicable because it only applies to a "judgment creditor."  *See* Pl.'s Opp. at p. 6.  This is incorrect.  Properly read, *Hasbun* generally states that the collection of a debt is considered to be the "collection of an account" as that term is used in § 1681b(a)(3)(A).  *See Hasbun v. County of Los Angeles*, 323 F.3d 801, 803 (9th Cir. 2003).  The court in *Hasbun* did go on to hold that when a debt has been judicially established, as is the case with a "judgment creditor," a permissible purpose is established as a matter of law.  *See id.* at 804–05; *see also Pintos*, 565 F.3d at 1113–14.  But that specific holding did not serve to negate the general proposition that a collection of a debt may be considered the "collection of an account."

The undisputed evidence establishes that Plaintiff became aware that Collecto was reporting the AT&T Mobility debt on his credit report in October 2011.[10]  Plaintiff claims to have sent at least two dispute letters directly to Collecto on October 27, 2011 and November 9, 2011.[11]  In those letters, Plaintiff detailed the circumstances surrounding his identity theft and expressed his belief that the AT&T debt was fraudulent and should be removed from his credit report.[12]  Collecto received one of these letters on December 2, 2011.[13]  On February 3, 2012, Plaintiff received a collection letter from a different company, Enhanced Recovery Company, LLC, attempting to collect on the same $659.56 AT&T debt.[14]  This letter notified Plaintiff that the allegedly fraudulent debt continued to exist despite his direct dispute to Collecto.  The mere fact that the letter came from Enhanced Recovery Company and not Collecto does not negate this.  Thus, under *Drew*, Plaintiff's receipt of the February 3, 2012 collection letter triggered the two-year statute of limitations.

"[S]tatutory limitation periods are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) *quoted in Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 933-34 (9th Cir. 2010) (internal quotation marks omitted)). Plaintiff could have and should have acted diligently to assert his FCRA claims, but failed to do so.  Under these circumstances, compelling Collecto to defend itself against stale claims would defeat the important interests served by statute of limitations in the FCRA.  Because he waited

---

[10] *See* White Decl., Ex. H, at p. 43.
[11] *See id.*, Ex. F.
[12] *See id.*
[13] *See id.*, Ex. A, at pp. 71-73; Ex. B, at "COLL 0019."
[14] *See id.*, Ex. F; Ex. H, at pp. 69-72.

too long to file suit, Plaintiff's FCRA claims based on the 2011 ACDV notices are barred as a matter of law and cannot serve as a basis for liability under § 1681s-2(b).

C. **Collecto's Investigation in Response to the 2013 ACDV Was Reasonable as a Matter of Law.**

As stated in Collecto's Motion, an investigation under the FCRA, "is not necessarily unreasonable because it results in a substantive conclusion unfavorable to the consumer, even if that conclusion turns out to be inaccurate." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1161 (9th Cir. 2009). The touchstone is "whether the furnisher's procedures were reasonable in light of what it learned about the nature of the dispute from the description in the CRA's notice of dispute. *Id.* (citing *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005)). Reasonableness is **not** a question for the trier of fact where, as here, "only one conclusion about the conduct's reasonableness is possible." *Id.* at 1157 (citing *In re Software Toolworks Inc.*, 50 F.3d 615, 622 (9th Cir. 1994)).

Plaintiff's reliance on the Ninth Circuit's decision in *Gorman* is misplaced, and taken out of context. In *Gorman*, the court separately analyzed the reasonableness of three distinct types ACDV notices received by the defendant. The first ACDV notice, and the one applicable here, contained no specific information regarding the dispute and requested only that the furnisher "[v]erify all account information." *Gorman*, 584 F.3d at 1157. No mention was made of "fraud" or "identity theft." *See id.* In response to this notice, the court concluded that the furnisher conducted a reasonable investigation as a matter of law when it merely confirmed the consumer's identifying information. *See id.* at 1158. The second types of ACDV notices in *Gorman* also contained only cursory dispute information but specifically mentioned "fraudulent charges." *Id.* The court again held that the investigation was reasonable but this time noted that the furnisher took additional steps to review its internal account notes for evidence of fraud in

response to the specifics provided in the ACDV. *See id.* at 1158–59.  The third type of ACDV notice did provide the furnisher with specific information regarding the nature of the consumer's dispute.  *See id.* at 1159.  The *Gorman* court specifically relied on this fact in holding that additional steps may be required beyond those taken in response to the first two sets of ACDV notices.  *See id.*  Specifically, "[s]imply verifying that the basic reported account data matched MBNA's internal records may not have been a reasonably sufficient investigation of this particular dispute." *Id.*  And it was in analyzing this third type of dispute that the *Gorman* court cited the Fourth Circuit's holding in *Johnson*.

In the present case, the ACDV notice received by Collecto were identical in virtually every respect to the first type of ACDV analyzed in *Gorman*.  The February 18, 2013 ACDV notice did not contained any mention of "fraud" or "identity theft".  And it provided no specifics that could have prompted Collecto to undertake a more thorough investigation.  Accordingly, Collecto was under the lessened duty to review the account information it received from AT&T and compare it with the consumer's information provided in the ACDV, which is precisely what Collecto did.  Collecto could not have reasonably been expected to undertake a more thorough investigation and its efforts to verify the account information based on its own records was appropriate under the circumstances.  Thus, as in *Gorman*, summary judgment confirming as a matter of law the reasonableness of Collecto's investigation in accordance with the FCRA's requirements is warranted.

D. **Having Refused to Disclose His Confidential Settlements with Other Parties, Plaintiff is Not Entitled to a Presumption That the Settlement Terms Support His Damages Claims.**

Plaintiff has not and cannot prove a nexus between Collecto's actions and his claimed damages in order to establish the required elements of causation and damages under the FDCPA and the FCRA.  *See Dawson v. Wash. Mut. Bank*, 390 F.3d 1139, 1149-50 (9th Cir. 2004)

(FDCPA); *Saenz v. Trans Union,* LLC, 621 F. Supp. 2d 1074, 1082 (D. Or. 2007) (FCRA).  As discussed in Collecto's Motion, Plaintiff himself testified that his alleged damages were caused by non-parties (not Collecto), and that those nonparties already, in his assessment, adequately compensated him.  Collecto formally requested discovery about those settlements, but Plaintiff refused to provide it.  Collecto then asked this Court to order Plaintiff to produce that evidence, but Collecto's request was denied.[15]

Plaintiff's response on the causation issue is to claim that his proof of causation is in selected portions of the withheld settlements.  But Plaintiff's refusal to disclose the settlement evidence renders that evidence inadmissible and, as a result, not properly before this Court on summary judgment.  *See generally Chao v. Westside Drywall, Inc.*, 709 F. Supp. 2d 1037, 1050 (D. Or. 2010), *as amended* (May 13, 2010) (citing FRCP 56(e)).  Instead, Plaintiff is limited to use of the evidence he disclosed in discovery that is admissible at trial; under no circumstances can he be permitted to rely upon selective portions of that withheld evidence to defeat Collecto's summary judgment motion.  As it was Plaintiff's strategic decision to refuse to disclose any information about those settlements, he cannot rely on his own one-sided characterizations of those same settlements in an effort to meet his heavy burden of proof.

Plaintiff's self-serving statements made after the close of discovery and attorney arguments should be stricken and/or disregarded.  The presumption to be applied, if any, is that the evidence Plaintiff withheld does not support his causation argument.  *See generally Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993) (explaining, in spoliation context, that short of excluding evidence, a trial court also has the broad discretionary power to draw an adverse inference from the unavailable evidence).  In the alternative, if evidence of the other settlements is considered, then this Court should compel Plaintiff to produce to Collecto all evidence of the

---

[15] *See* Aug. 8, 2015 Minute Order (Dkt. 32).

CRA settlements, including all terms of the confidential settlement agreements, and provide Collecto the opportunity to respond to Plaintiff's one-sided characterizations. *See generally Jaramillo v. Ford Motor Co.*, 116 F. App'x 76, 77 (9th Cir. 2004) ("Invited error occurs when [a party] opens the door to objectionable testimony by introducing it[.]").

Based on the evidence that Collecto was allowed to develop during discovery, namely Plaintiff's own deposition testimony, the only conclusion to be drawn is that Plaintiff has been adequately compensated for his damages. Under these circumstances, no "nexus" can possibly be established and, consequently, one of the required elements of the FCRA and the FDCA (causation) cannot be established as a matter of law. Accordingly, summary judgment is warranted.

## II.  CONCLUSION

In short, Plaintiff has failed to come forward with evidence creating a genuine issue of material fact for trial. Accordingly, Collecto respectfully requests that the Court grant its Motion for Summary Judgment and dismiss Plaintiff's claims.

DATED:      October 2, 2015          COZEN O'CONNOR

By: */s/ Melissa O'Loughlin White*
Melissa O'Loughlin White
OSB No. 102294
E-mail:   mwhite@cozen.com
Ryan J.P. Dyer
*admitted pro hac vice*
E-mail:   rdyer@cozen.com
999 Third Avenue, Suite 1900
Seattle, WA  98104
Telephone: 206.340.1000
Toll Free Phone: 800.423.1950
Facsimile: 206.621.8783

Attorneys for Defendant Collecto, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2015, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Robert S. Sola | rssola@msn.com |
| Shidon B. Aflatooni | saflatooni@outlook.com |

DATED this October 2, 2015.

                        COZEN O'CONNOR

By:   */s/ Melissa O'Loughlin White*
       Melissa O'Loughlin White
       OSB No. 102294
       E-mail: mwhite@cozen.com
       999 Third Avenue, Suite 1900
       Seattle, WA 98104
       Telephone: 206.340.1000
       Toll Free Phone: 800.423.1950
       Facsimile: 206.621.8783